# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IVAN DOMINGUEZ,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:12-cv-01609-APG-NJK

**ORDER**

Before the court are the first amended petition for writ of habeas corpus (#31), respondents' motion to dismiss (#34), petitioner's opposition (#39), and respondents' reply (#43). The court finds that some grounds are untimely and that some grounds have not been exhausted in the state courts. The court grants the motion in part.

After a jury trial in state district court, petitioner was convicted of conspiracy to commit murder, conspiracy to commit burglary, and first-degree murder with the use of a deadly weapon. Petitioner appealed, and the Nevada Supreme Court affirmed on December 10, 2010. Ex. 63 (#13). For the purposes of the one-year period of limitation for commencing a habeas corpus petition, the judgment of conviction became final after March 10, 2011, when the time to petition the Supreme Court for a writ of certiorari expired. See 28 U.S.C. § 2244(d)(1)(A), Sup. Ct. R. 13(1). Two hundred thirty-five (235) days later, on October 31, 2011, petitioner filed a post-conviction habeas corpus petition in state district court. Ex. 69 (#13). The state habeas corpus petition tolled the federal one-year period pursuant to 28 U.S.C. § 2244(d)(2). The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed on July 25, 2012. Ex. 80 (#12). Remittitur issued on August 20, 2012. Ex. 81 (#12).[1] The one-year period resumed the next

---

[1] While the state habeas corpus petition was pending, petitioner filed and then voluntarily dismissed a federal habeas corpus petition, Dominguez v. Baker, Case No. 3:12-cv-00128-LRH-VPC. This petition did not toll the one-year period, Duncan v. Walker, 533 U.S. 167, 181-82 (2001), but the period already was being tolled because of the pending state habeas corpus petition.

day. Seventeen (17) days later, on September 6, 2012, petitioner mailed his original, proper person federal habeas corpus petition (#6) to this court. In sum, two hundred fifty-two (252) non-tolled days had passed since the finality of the judgment of conviction, and the original petition (#6) was timely.

The federal petition did not toll the period of limitation. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001). On December 29, 2012, the one-year period expired. On March 26, 2013, petitioner filed a motion for appointment of counsel (#18). The court granted the motion on April 8, 2013, and provisionally appointed the Federal Public Defender. The Federal Public Defender could not represent petitioner because a conflict of interest existed. On April 17, 2013, the court appointed petitioner's current counsel. On November 14, 2013, after an extension of time, petitioner filed the first amended petition (#31).

Because the first amended petition was filed after expiration of the one-year period, the grounds in the first amended petition need to relate back to the timely original petition (#6). Relation back, pursuant to Rule 15© of the Federal Rules of Civil Procedure, is allowed "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts . . . ." Mayle v. Felix, 545 U.S. 644, 664 (2005).

Respondents argued initially that grounds 1, 2, 3, 12, 13, 14, and 15 of the first amended petition (#31) do not relate back to the original petition (#6). Petitioner concedes that ground 3 does not relate back, and respondents concede that ground 13 does relate back.

Ground 1 of the first amended petition is a claim that the evidence was insufficient to support the verdict of murder because the evidence showed that the victim received superficial stab wounds and in fact died because of improper medical treatment. Petitioner argues that this relates back to Grounds 1, 4, and 6 of original petition. Ground 1 of the original petition states nothing about the superficial stab wounds and a botched surgery. Ground 4 of the original petition has a vague and conclusory allegation that nobody died on the day of the incident, but again states nothing about superficial stab wounds and a botched surgery. Ground 6 of the original petition, a claim of ineffective assistance of counsel, does lay out the facts that the injuries to the victim were not serious and that the victim died due to a bad reaction to the anesthesia after an unnecessary

surgery, inhaling his own vomit and then dying of pneumonia ten days later. These are facts of the same time and type as alleged in ground 1 of the amended petition. See Felix, 545 U.S. at 650. Even though the legal theories of the two grounds differ, that difference is not relevant for the purposes of relation back. Consequently, ground 1 of the amended petition relates back to the original petition.

Ground 2 of the first amended petition is a claim that a crime for which petitioner was convicted, conspiracy to commit burglary, is inconsistent with a crime for which petitioner was acquitted, burglary. Petitioner argues that this relates back to grounds 1 and 4 of original petition. Ground 1 of the original petition has nothing about the charges or burglary or conspiracy to commit burglary. Petitioner does discuss the propriety of the charge of conspiracy to commit murder, but those are different facts. Ground 4 of the original petition has nothing about the charges of burglary or conspiracy to commit burglary. Consequently, ground 2 of the amended petition does not relate back and is untimely.

Ground 12 of the amended petition is a claim of ineffective assistance of trial counsel because trial counsel did not move to dismiss the charges of murder and conspiracy to commit murder. Petitioner argues that this ground relates back to grounds 1, 4, and 6 of original petition. Ground 12 of the amended petition relates back to the original petition for the same reason why ground 1 of the amended petition relates back.

Ground 14 of the amended petition is a claim of ineffective assistance of counsel because counsel did not move to suppress both fingerprint evidence obtained from an anonymous tip and evidence obtained by a telephonic search warrant that lacked probable cause. Petitioner argues that it relates back to grounds 8(1), 4, and 5 of original petition. In ground 8(1) of the original petition, petitioner claims that counsel failed to argue adequately a motion to suppress based upon the Fourth Amendment, but he does not allege any underlying facts. Ground 4 of the original petition is a claim that counsel provided ineffective assistance because counsel did not argue that the fingerprint evidence found at the scene of the crime was insufficient to support the verdict. Ground 5-B of the original petition is a claim that counsel provided ineffective assistance because counsel did not retain a fingerprint expert to testify about the condition, placement, and direction of the fingerprints

-3-

found at the scene of the crime. A mention of the Fourth Amendment in one ground, without supporting facts, and arguments about the fingerprint evidence <u>found at the scene of the crime</u> in other grounds, are not the same facts in time and type as the fact supporting a claim that counsel should have moved to suppress the fingerprint evidence <u>collected elsewhere from petitioner</u>. Consequently, ground 14 of the amended petition does not relate back and is untimely.

Ground 15 of the amended petition is a claim of ineffective assistance of counsel because trial counsel did not move to suppress petitioner's statement to police detectives, based upon a violation of the Fifth Amendment. Petitioner argues that this ground relates back to ground 8(4) of original petition. Ground 8(4) is more conclusory than this ground, but the two share a common core of operative facts: Petitioner made a statement to police, and counsel did not try to keep it from being admitted at trial. Ground 15 relates back to the original petition.

The court is not persuaded by petitioner's arguments for equitable tolling. "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

First, the court is not persuaded that petitioner's incarceration in a prison with limited access to the prison law library, his general lack of knowledge of American criminal procedures, and his limited English proficiency prevented him from filing a timely federal habeas corpus petition, because petitioner did in fact file a timely federal habeas corpus petition.

Second, regarding the untimely claims in the amended petition, the court cannot conclude that either extraordinary circumstances existed or that petitioner was diligent. Petitioner did not ask for the court to appoint counsel until March 26, 2013, by which time the period of limitation had expired around three (3) months earlier. Even if the appointment of counsel was an extraordinary circumstance, for example, to find counsel without a conflict of interest and then to allow counsel to become familiar with the case, it still would not avail petitioner because the statute of limitations already had run, and an extraordinary circumstance cannot equitably toll a statute of limitations that already has run.

1         Third, the court is not persuaded that Sossa v. Diaz, 729 F.3d 1225 (9th Cir. 2013), is applicable to this case. In Sossa, the petitioner had filed a timely, proper person federal habeas corpus petition that contained no claims for relief. The magistrate judge gave Sossa the opportunity to file an amended petition. Extensions to the time to file the amended petition ultimately made the petition untimely. The district court dismissed the amended petition because there were no claims in the original petition for relation back. The court of appeals held that Sossa was entitled to equitable tolling because the orders granting him extra time to file an amended petition led him to believe that the amended petition would be timely. This case has three important differences. First, the original petition (#6) does contain claims for relief, and the court has concluded that many of the grounds challenged as untimely do relate back to the original petition. Second, by the time that petitioner asked for appointment of counsel, the one-year period already had expired. Even if counsel believed that the claims in the amended petition all would be timely based upon the court's order directing the filing of an amended petition and the order granting an extension of time, that was an extraordinary circumstance that occurred after the one-year period already had expired and thus could not be the basis for equitable tolling. Third, counsel, unlike Sossa, is not a pro se litigant who is inexperienced in the law. Counsel would need to take into account the possibility that an amended petition or an extension of time might run afoul of the statute of limitations.

         Fourth, the court is not persuaded that Corjasso v. Ayers, 278 F.3d 874 (9th Cir. 2002), is applicable to this case. Corjasso held that equitable tolling was warranted because the district court had dismissed an earlier petition incorrectly, thus making a subsequently filed petition untimely. In this case, petitioner did file another habeas corpus petition earlier, Dominguez v. Baker, Case No. 3:12-cv-00128-LRH-VPC. However, the court dismissed the action at petitioner's request, and his state habeas corpus petition was pending at the time, thus tolling the federal one-year period. Given that petitioner commenced this action only seventeen (17) days after the state habeas corpus proceedings concluded and with plenty of time remaining in the federal one-year period, the voluntary dismissal of the earlier action did not make it impossible for petitioner to file a timely federal habeas corpus petition.

1    Respondents also argue that grounds 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16 are
2 unexhausted.  Before a federal court may consider a petition for a writ of habeas corpus, the
3 petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a
4 ground for relief, a petitioner must fairly present that ground to the state's highest court, describing
5 the operative facts and legal theory, and give that court the opportunity to address and resolve the
6 ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459
7 U.S. 4, 6 (1982).
8    Some grounds are not exhausted only because they incorporate facts from other unexhausted
9 grounds.  Therefore, the court will address these grounds out of order.
10    Ground 11 is a combination claim of ineffective assistance of trial counsel and insufficient
11 evidence regarding the murder verdict.  In the petition, petitioner conceded that the ground was not
12 exhausted because he attempted to present it for the first time in his habeas corpus appeal to the
13 Nevada Supreme Court through a motion to file a supplemental petition.  In the opposition,
14 petitioner argues that the attempt was sufficient to exhaust the claim.  "Submitting a new claim to
15 the state's highest court in a procedural context in which its merits will not be considered absent
16 special circumstances does not constitute fair presentation."  Roettgen v. Copeland, 33 F.3d 36, 38
17 (9th Cir. 1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).  The Nevada Supreme Court
18 stated that no relief upon proper-person submissions was warranted, and specifically that it was not
19 considering any claims that petitioner did not present to the previously to the state district court.
20 Ex. 80, at 6 n.3 (#12).  Petitioner presented the claim to the Nevada Supreme Court in a
21 procedurally incorrect manner, and ground 11 is unexhausted.
22    Ground 12 is a claim that trial counsel provided ineffective assistance because trial counsel
23 did not move to dismiss the charges of murder and conspiracy to commit murder, on the basis that
24 there was an intervening cause of death:  The victim died not from the stabbing but from
25 unnecessary surgery.  Respondents note correctly that while two grounds in the state habeas corpus

petition were similar, neither claimed that counsel should have filed a motion to dismiss because of the intervening cause of death. For that reason, ground 12 is unexhausted.[2]

Ground 16 is a claim of insufficient evidence to support the verdict that petitioner was guilty of the use of a deadly weapon. In both the state petition and the amended federal petition, the basis was that a person named Hector, not petitioner, used a knife on the victim. In the state petition, petitioner alleged that Hector must have pulled out his knife and used it on the victim in the laundry room after petitioner pushed by the victim and left the room. In the amended federal petition, petitioner alleges that he left the laundry room after Hector pulled out the knife. The events are the same, but petitioner has reversed their order. As petitioner alleges in the amended federal petition, under state law an unarmed principal to an offense can be liable for an armed principal's use of a deadly weapon if the unarmed principal had knowledge that the armed principal was using the deadly weapon. This court cannot state that the Nevada Supreme Court would have come to the decision that it did if petitioner had presented the events in the same order that he does here. The reversal of the events from the state petition to the amended federal petition fundamentally alters the nature of the claim, and ground 16 is unexhausted.

Respondents also argue that ground 16 is procedurally defaulted. Petitioner presented the insufficient evidence claim that is different from ground 16 to the state courts in his habeas corpus petition. The Nevada Supreme Court held that any claims independent of claims of ineffective assistance of counsel were waived pursuant to Nev. Rev. Stat. § 34.810(1)(b) because petitioner could have raised them on direct appeal. Ex. 80, at 1 n.2. If ground 16 is exhausted, then it is procedurally defaulted. However, ground 16 is not exhausted, and thus the court cannot conclude that it is procedurally defaulted.

Petitioner concedes that grounds 13 and 15 are unexhausted.[3]

---

[2] Respondents' alternative argument also is persuasive. If the allegation that counsel should have filed a motion to dismiss based upon the intervening cause of death does not fundamentally alter the claim from what petitioner presented in state court, then ground 12 is redundant to grounds 4 and 9. The court would dismiss ground 12 for that reason.

[3] Petitioner also concedes that ground 14 is unexhausted, but the court is dismissing ground 14 because it is untimely.

Respondents argue that grounds 5 through 9 are unexhausted in part because they incorporate facts from other grounds in the amended petition, including those that are unexhausted. Respondents argue that ground 10, a claim of cumulative error, is unexhausted because it necessarily incorporates facts from the unexhausted grounds. This is a problem that the court need not address now. Petitioner is seeking a stay of the action to allow him to return to state court. If the court stays the action, and if the Nevada Supreme Court rules on the merits of the currently unexhausted claims, then the additional facts will themselves be exhausted. If the court stays the action, and if the Nevada Supreme Court determines that state-law procedural bars apply, then the grounds would be procedurally defaulted. The litigation on procedural default would result in a determination of what to do with those additional facts. If the court denies the stay, then either petitioner dismisses the unexhausted grounds, which would lead to the court not considering the additional facts, or petitioner dismisses the entire amended petition, and this action would be at an end.

In summary, grounds 2, 3, and 14 are untimely, and the court dismisses them. Grounds 11, 12, 13, 15, and 16 are unexhausted. Grounds 5, 6, 7, 8, 9, and 10 are unexhausted in part, but the lack of exhaustion in these grounds will be cured one way or another with the disposition of the fully unexhausted grounds.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#34) is **GRANTED** in part. Grounds 2, 3, and 14 of the first amended petition (#31) are **DISMISSED** with prejudice as untimely.

IT IS FURTHER ORDERED that briefing on petitioner's motion for an order staying and holding these proceedings in abeyance (#45) shall proceed in accordance with the court's order of July 10, 2014 (#47).

Dated: September 16, 2014.

ANDREW P. GORDON
United States District Judge