# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

IVAN DOMINGUEZ,

    Petitioner,

vs.

BRIAN E. WILLIAMS, et al.,

    Respondents.

Case No. 2:12-cv-01609-APG-NJK

**ORDER**

Before the court are petitioner's motion for an order staying and holding these proceedings in abeyance (#45), respondents' opposition (#55), and petitioner's reply (#60). The court denies the motion.

The court had granted in part respondents' motion to dismiss, ruling that grounds 11, 12, 13, 15, and 16 of the first amended petition (#31) were unexhausted.[1] Order (#48). To obtain a stay of this action, petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005). Good cause is the issue; respondents do not dispute that the unexhausted grounds have potential merit, nor do they dispute that petitioner has not been dilatory.

Rhines did not define "good cause." Later, the Supreme Court held, in the context of procedural default:

---

[1] The court also ruled that grounds 5 through 10 were unexhausted in part, due to incorporation of facts from the fully unexhausted grounds.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  <u>The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.</u>  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

<u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 1318 (2012) (emphasis added).[2]  Then, the court of appeals expanded <u>Martinez</u> to requests for stays under <u>Rhines</u>.  "[W]e hold that the <u>Rhines</u> standard for [ineffective-assistance-of-counsel]-based cause is not any more demanding than the cause standard articulated in <u>Martinez</u>.  <u>Blake v. Baker</u>, 745 F.3d 977, 984 (9th Cir. 2014).

The court is not persuaded that <u>Blake</u> is inapplicable in this case.  Blake was represented by counsel in his initial state post-conviction habeas corpus petition, and, to the extent that it makes a difference, his sentence was death.  <u>Id.</u> at 979.  Petitioner was not sentenced to death, and, more importantly for this analysis, he proceeded <u>pro se</u> in his state post-conviction proceedings.  However, these distinctions do not make a difference because of the principle behind <u>Blake</u>.  The court of appeals noted:

> Unlike a successful showing of cause under <u>Coleman</u>[ v. Thompson, 501 U.S. 722 (1991)] and <u>Martinez</u>, an IAC-based showing of good cause under <u>Rhines</u> only permits a petitioner to return to state court—not bypass the state court as would be the case under <u>Coleman</u>—to exhaust his unexhausted claims. Because a <u>Rhines</u> stay and abeyance does not undercut the interests of comity and federalism embedded in our habeas jurisprudence, a <u>Rhines</u> petitioner arguing IAC-based good cause is not required to make any stronger a showing of cause than a <u>Coleman/Martinez</u> petitioner.

<u>Blake</u>, 745 F.3d at 983-84.  That principle applies with equal force to a person who was not represented in his state post-conviction habeas corpus petition as to a person who was so represented.

The court also is not persuaded by respondents' argument that this application of <u>Blake</u> would undermine the statement in <u>Rhines</u> that stays should be granted only in "limited circumstances."  The court of appeals addressed that argument in <u>Blake</u> and noted that a petitioner

---

[2]<u>Martinez</u> has been expanded to claims of ineffective assistance of appellate counsel and when, in the absence of a requirement that a claim of ineffective assistance counsel be raised in a post-conviction habeas corpus petition, the state provides no meaningful opportunity to raise a claim of ineffective assistance of counsel on direct appeal.  These expansions are not relevant to this case.

seeking a stay must still also show that the unexhausted claims have potential merit and that the petitioner has not been intentionally dilatory. Those two factors are not at issue right now.

IT IS THEREFORE ORDERED that petitioner's motion for an order staying and holding these proceedings in abeyance (#45) is **GRANTED**.

IT IS FURTHER ORDERED that this action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner shall return to this court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings. Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the clerk of court shall administratively close this action until such time as the court grants a motion to reopen the action.

Dated: April 13, 2105.

_____
ANDREW P. GORDON
United States District Judge