**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IVAN DOMINGUEZ,

        Petitioner,

    v.

BRIAN WILLIAMS, et al.,

        Respondents.

Case No. 2:12-cv-01609-APG-NJK

**ORDER**

Before me are the first amended petition for writ of habeas corpus (ECF No. 31), the respondents' renewed motion to dismiss (ECF No. 74), the petitioner's opposition (ECF No. 84), and the respondents' reply (ECF No. 86). I grant the motion in part because the petitioner has procedurally defaulted some grounds and has not demonstrated good cause and prejudice to excuse the default.

I granted the respondents' earlier motion to dismiss (ECF No. 34), finding that petitioner Dominguez had not exhausted his state-court remedies for some of his grounds. I stayed the action while Dominguez returned to state court. ECF No. 61. Ultimately, the Nevada Court of Appeals held that Dominguez's post-conviction habeas corpus petition was untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810(2). Ex. 117 (ECF No. 75-36).

Respondents argue that the decision of the Nevada Court of Appeals means that grounds 5 through 13, 15, and 16 are procedurally defaulted. Dominguez argues that he has good cause to excuse the procedural default, relying on *Martinez v. Ryan*, 566 U.S. 1 (2012), which held:

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one,

which is to say that the prisoner must demonstrate that the claim has some merit. *Cf. Miller-El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

*Id.* at 14. Nevada generally requires a prisoner to raise a claim of ineffective assistance of counsel in a post-conviction habeas corpus petition. Counsel did not represent Dominguez in the state district court during his first post-conviction habeas corpus proceedings.

*Martinez* does not apply to ground 16 because it is not a claim of ineffective assistance of trial counsel. Ground 16 is a claim that the evidence was insufficient to support the verdict that the murder charged in this case was committed with the use of a deadly weapon. Dominguez has no other arguments for cause and prejudice. I dismiss ground 16.

Respondents move to dismiss ground 12 because it duplicates grounds 4 and 9. I agree and dismiss ground 12.

As for grounds 5 through 11, 13, and 15, I prefer to address them in the same manner that courts often do when a claim of cause and prejudice is based upon an independent claim of constitutionally ineffective assistance of either trial or appellate counsel. In such circumstances, courts often defer a resolution of the cause-and-prejudice analysis until after the filing of an answer and reply contingently addressing the claims also on the merits, so that the court may have the benefit in its analysis of a full factual and legal presentation as to all relevant claims. I will follow that procedure here.

Dominguez has filed a proper-person motion to compel his counsel to answer his letters (ECF No. 87). I deny this motion because I will not manage the relationship between counsel and Dominguez. Furthermore, Dominguez may not file proper-person documents with the court because counsel represents him.

IT THEREFORE IS ORDERED that the motion to dismiss **(ECF No. 74) is GRANTED in part**. Ground 12 is dismissed.

IT FURTHER IS ORDERED that I defer consideration of whether Dominguez can demonstrate cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome the

2

procedural default of grounds 5 through 11, 13, and 15 until after the filing of an answer and reply in this action.

IT FURTHER IS ORDERED that, within 45 days of entry of this order, the respondents shall file and serve an answer addressing all claims in the amended petition on the merits, under a *de novo* standard of review as to grounds 5 through 11, 13, and 15, and also addressing whether grounds 5 through 11, 13, and 15 are barred by procedural default under federal law.

IT FURTHER IS ORDERED that Dominguez will have 45 days from the date of filing and service of the answer to file a reply.

IT FURTHER IS ORDERED that Dominguez's proper-person motion to compel (**ECF No. 87) is DENIED.**

DATED: September 7, 2018.

ANDREW P. GORDON
United States District Judge